**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANK CHEATHAM, | No. 16-15785 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00641-SPL |
| v. | |
| CITY OF PHOENIX, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted October 11, 2017
San Francisco, California

Before: O'SCANNLAIN and BYBEE, Circuit Judges, and MAHAN,** District
Judge.

Frank Cheatham, a former Deputy Chief for the City of Phoenix Fire

Department, sued the City for unlawful retaliation under Title VII.  The district

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable James C. Mahan, United States District Judge for the
District of Nevada, sitting by designation.

court granted summary judgment for the City. For the reasons stated below, we affirm.[1]

In March 2009, Cheatham became Deputy Chief of South Shift Command, which was located near the Station One fire station. Between November and December 2009, Cheatham reported to his supervisor multiple incidents involving sexually explicit conduct in and around Station One, including: (1) a jar found in Station One displaying two cartoon drawings of male genitalia; (2) a nacho cheese machine with a similar drawing in the Station One kitchen; (3) a t-shirt with a similar drawing at a gym shared between South Shift Command and Station One; (4) an identical t-shirt being worn in a common area; and (5) an envelope delivered to Cheatham's office containing two pieces of pasta resembling male and female genitalia. In March 2010, about four months after the last of these incidents, Cheatham was informed that he was being reassigned to Deputy Chief of Safety. Cheatham filed this suit, claiming that his reassignment was unlawful retaliation for his opposition to a hostile work environment under Title VII.

"To make out a prima facie case of retaliation [under Title VII], an employee must show that (1) he engaged in a protected activity; (2) his employer subjected

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the district court's grant of summary judgment is de novo. *See Little v. Windermere Relocation, Inc.*, 301 F.3d 958, 966 (9th Cir. 2002).

him to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse action." *Ray v. Henderson*, 217 F.3d 1234, 1240 (9th Cir. 2000). If the plaintiff establishes a prima facie case, "the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its decision." *Id.* Once the defendant articulates such a reason, the plaintiff "bears the ultimate burden of demonstrating that the reason was merely a pretext for a discriminatory motive." *Id.* In this case, Cheatham cannot establish either the first or third elements of a prima facie case—that is, he cannot demonstrate either that he engaged in protected activity or that a causal link exists between his activity and his reassignment.

With respect to protected activity, a plaintiff claiming retaliation must demonstrate "a *reasonable belief* that the employer has engaged in an unlawful employment practice." *Freitag v. Ayers*, 468 F.3d 528, 541 (9th Cir. 2006) (quotation marks omitted). Where, as here, the plaintiff contends he opposed a hostile work environment, he must demonstrate a reasonable belief that the employer engaged in discriminatory conduct that "was both objectively and subjectively offensive" and "was sufficiently severe or pervasive to . . . create an abusive working environment." *See Dawson v. Entek Int'l*, 630 F.3d 928, 937–38 (9th Cir. 2011). There is no evidence that anyone at Station One found the conduct

3

at issue subjectively offensive, and Cheatham himself admits that, though he found the conduct "inappropriate," he did not find it harassing.[2] On this record, Cheatham cannot demonstrate a reasonable belief that there was a hostile work environment at Station One and, thus, cannot show protected activity. *Cf. Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001) (plaintiff's retaliation claim failed because the incident she reported was "at worst an isolated inciden[t] that cannot remotely be considered extremely serious" and she "conceded that it did not bother or upset her" (quotation marks omitted)).

In any event, Cheatham's retaliation claim independently fails because he has not demonstrated causation. The City did not reassign Cheatham until approximately four months after the last incident he reported, and he was one of sixteen individuals reassigned on the same day. He offers no evidence that his superiors disapproved of his reports. To the contrary, the record reflects that, following Cheatham's reports, the City removed the cartoon drawings from Station One and that no similar incidents occurred after December 2009. Cheatham has not offered sufficient evidence to permit a reasonable trier of fact to find that, but

---

[2] Aside from Cheatham, the only other employee who was purportedly offended was Courtney Jenkins, the male Fire Captain who retrieved the jar with the drawings on it from Station One. Viewing the record in the light most favorable to Cheatham, there is still no suggestion Jenkins subjectively found that the jar created an abusive environment.

4

for any allegedly protected activity, the City would not have reassigned him. His claim fails for this reason as well. *See Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013) ("[A] plaintiff making a retaliation claim . . . must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.").

We therefore **AFFIRM** the judgment of the district court.